UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LILLIAN VEGA,

                        Plaintiff,

      -vs-                             **No. 1:15-CV-01014 (MAT)**
                                              **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.
_____

**I.   Introduction**

    Represented by counsel, Lillian Vega ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**II.  Procedural History**

    The record reveals that in September 2012, plaintiff (d/o/b January 3, 1959) applied for SSI, alleging disability as of January 1, 2002. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge

Eric L. Glazer ("the ALJ") on March 4, 2014. The ALJ issued an unfavorable decision on May 27, 2014. The Appeals Council denied review of that decision and this timely action followed.

### III. The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. § 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 10, 2012, the application date. At step two, the ALJ found that plaintiff had the following medically determinable impairments: "mood disorder, not otherwise specified ["NOS"]; cannabis dependence/abuse, current; cocaine dependence/abuse, in sustained remission; opioid dependence/abuse, in sustained remission; backache; joint pain; vertigo; and headaches." T. 19. However, the ALJ found that these impairments were not severe for purposes of the step two analysis, and therefore denied plaintiff's disability application.

### V.  Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Findings at step two function "to screen out *de minimis* claims." Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). "A finding of not severe should be made if the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work." Zenzel v. Astrue, 993 F. Supp. 2d 146, 152 (N.D.N.Y. 2012) (internal quotation marks omitted).

Plaintiff contends that the ALJ erred in rejecting her claim at step two, arguing specifically that the finding was inconsistent with the only medical opinion in the record, which came from state agency consulting physician Dr. Nikita Dave. Plaintiff argues that the ALJ improperly substituted his own judgment for the medical opinion of Dr. Dave, without providing an adequate explanation for rejecting the opinion. The Court agrees.

On December 3, 2012, Dr. Dave performed an internal medicine examination on plaintiff at the request of the state agency. On physical examination, Dr. Dave found that plaintiff was "[u]nable to walk and step onto the left toes"; she could squat only three-fourths of full; she carried an assistive device that she had borrowed from a relative; lumbar flexion was limited to 45 degrees (normal is 60 degrees); and plaintiff demonstrated slight tenderness in the left lateral hip area on deep palpation. Dr. Dave noted that plaintiff was five feet three inches tall and weighed 172 pounds. He diagnosed plaintiff with "[m]ental health issues,"

3

which he did not specify; vertigo which he noted to be questionable; headaches; and low back pain. T. 223-24. He opined that plaintiff "[s]hould avoid ladders, heights, sharp instruments, and operating machinery due to vertigo and loss of consciousness or other diagnosis"; and that she had "[m]ild to moderate limitations for repetitive bending/twisting through the lumbar spine, prolonged sitting, standing, leaning, lifting, carrying, pushing, and pulling of greater than moderately weighted objects." T. 224.

The ALJ gave Dr. Dave's opinion "little weight because the limitations assessed [were] clearly based on [plaintiff's] self-reported symptoms rather than any objective evidence of limitations. Significantly, . . . the physical examination was essentially normal other than some subjective tenderness in the left hip on deep palpation." T. 22. In summarizing the findings of Dr. Dave's examination, the ALJ failed to note that plaintiff's lumbar flexion was limited to 45 degrees.

The ALJ's reasoning for rejecting Dr. Dave's opinion was legally insufficient. As the only medical opinion evidence in the record, Dr. Dave's opinion stood uncontradicted. In Giddings v. Astrue, 333 F. App'x 649, 652 (2d Cir. 2009), the Second Circuit explained that where an ALJ rejects a consulting opinion without reference to conflicting medical opinion evidence, the ALJ must give an "overwhelmingly compelling" reason for rejecting the opinion. Id. (citing McBrayer v. Sec. of Health and Human Servs.,

712 F.2d 795, 799 (2d Cir. 1983) (stating that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion" and that "[w]hile an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him" (citation and internal quotation marks omitted)); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician.").

In Giddings, the Second Circuit held that the ALJ improperly rejected a consulting opinion where the ALJ "reasoned that [the] opinion, 'based upon a single examination, [was] not well supported by medical evidence, and [was] inconsistent with the claimant's reports of her daily activities.'" Giddings, 333 F. App'x at 652. Here, the ALJ provided similar reasoning, and additionally rejected the opinion because it was based on plaintiff's self-reports. However, his decision does not provide the "compelling critique needed to overcome the uncontradicted medical opinion of" Dr. Dave, especially considering the result was to deny plaintiff's application at step two. See Mahon v. Colvin, 2016 WL 3681466, *4 (W.D.N.Y. July 6, 2016) ("[R]eliance on [p]laintiff's subjective complaints is not a valid reason for rejecting [the consulting]

5

medical opinion.") (citing <u>Green-Younger</u>, 335 F.3d at 107 (holding that a doctor's reliance on the plaintiff's subjective complaints 'hardly undermines his opinion as to her functional limitations' because 'a patient's report of complaints, or history, is an essential diagnostic tool'"); <u>McCarty v. Astrue</u>, 2008 WL 3884357, *6 (N.D.N.Y. Aug. 18, 2008) ("[The doctor's] reliance on [p]laintiff's subjective complaints is not a valid basis for rejecting his opinion.").

Instead, in rejecting Dr. Dave's medical opinion, the ALJ relied on his own lay interpretation of the medical evidence, which is impermissible. See <u>Giddings</u>, 333 F. App'x at 652 (collecting cases). As noted above, step two is merely a tool for screening out de minimis claims; here, the only physician to examine plaintiff opined that her medical impairments resulted in various limitations including "[m]ild to moderate limitations for repetitive bending/twisting through the lumbar spine, prolonged sitting, standing, leaning, lifting, carrying, pushing, and pulling of greater than moderately weighted objects." T. 224. Dr. Dave's opinion indicated that plaintiff, at the very least, suffered from medically determinable impairments which were more than de minimis.

Accordingly, this matter is reversed and remanded for further proceedings consistent with this Decision and Order. On remand, the ALJ is reminded that he must consider all of plaintiff's impairments in combination, whether severe or nonsevere, including obesity. See 20 C.F.R. § 416.945(a)(2); SSR 96-8p. The ALJ is directed to reconsider Dr. Dave's opinion, and if the opinion is

6

rejected, the ALJ must provide an overwhelmingly compelling explanation for doing so in the absence of conflicting medical opinion evidence. The ALJ is free to obtain further opinion evidence to the extent he deems it necessary.

## VI. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 15) is denied and plaintiff's motion (Doc. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                             **S/Michael A. Telesca**
                                             HON. MICHAEL A. TELESCA
                                             United States District Judge

Dated:    April 8, 2017
          Rochester, New York.